FILED

MAR 2 9 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY SHAWN JANOE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SILVIA GARCIA, Warden; STUART J. RYAN, Acting Warden,<br><br>　　　　　　　Defendants. | CASE NO. 04-CV-1421 W (RBB)<br><br>**ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION** |

　　On July 15, 2004, Plaintiff Bobby Shawn Janoe, a state prisoner proceeding *pro se*, commenced this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff asserts that his right of access to the courts and his right to due process were violated because he was provided inadequate access to the law library at Calipatria State Prison.

　　On October 12, 2006, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report") recommending that the Court grant Defendants' motion to dismiss and motion for summary judgment. On November 2, 2006, Plaintiff filed a motion for extension of time to file an objection to the Report. Plaintiff's motion was granted, and on January 9, 2007, Plaintiff filed objections to the Report.

　　The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1.(d.1). For the reasons outlined below, the Court overrules Plaintiff's

objections, **ADOPTS** the Report, and **GRANTS** Defendants' motion to dismiss and summary-judgment motion.

I. BACKGROUND

In January 1994, Plaintiff was convicted of first degree murder and sentenced to life without the possibility of parole. Plaintiff appealed his conviction to the California Court of Appeal, which affirmed the conviction on April 29, 2006. Plaintiff's subsequent petitions for review with the California Supreme Court and state habeas petitions were also denied.

In March 1996, Plaintiff filed a federal habeas petition in the Southern District of California challenging his murder conviction. The petition was denied based on Plaintiff's failure to exhaust state court remedies. Thereafter, Plaintiff filed another habeas petition in the Central District, which was also denied. Plaintiff's request for a Certificate of Appealability was denied by the Central District and the Ninth Circuit.

On November 2, 2001, the Ninth Circuit denied Plaintiff's petition for rehearing. Janoe v. Small, No. 01-55546, docket (9th Cir. Nov. 2, 2001). Based on the denial, the deadline for Plaintiff to file a petition for writ of certiorari with the U.S. Supreme Court was January 31, 2002.

On January 23, 2002, Plaintiff filed a motion for extension of time with the U.S. Supreme Court. Plaintiff's declaration in support of the motion stated that on November 21, 2001, Plaintiff was "taken back to court. . . in Orange County, to hear motion for disqualification of Judge for cause. . . ." (Janoe Decl. in Support of Obj., Ex. 3.) Plaintiff further stated that he was returned "to Calipatria State Prison on January 15, 2002" and that "all of [Plaintiff's] legal paperwork is still in Chino State Prison", which Plaintiff was trying to obtain. (Id.) Plaintiff, therefore, states that his request for an extension was "due to the fact [Plaintiff] was out to court, [and] without access to his legal paperwork this whole time." (Id.)

The U.S. Supreme Court rejected Plaintiff's motion for extension of time because he failed to attach the Ninth Circuit's order denying the rehearing. (Plt.'s Mem., Ex. 10.)

Plaintiff thereafter filed another motion requesting an extension of time, which was rejected as untimely. (Plt.'s Mem. at 15–18; Janoe Decl. in Support of Obj., Ex. 5.)

In July 2004, Plaintiff filed this civil rights complaint. Plaintiff contends that he was unable to prepare a timely petition for writ of certiorari because he was not provided enough time in the prison law library.

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## III. ANALYSIS

Having read and considered the papers submitted, including Plaintiff's objections to the Report, the Court concludes the Report presents a well-reasoned analysis of the issues. The Report correctly concluded that Defendants' motion to dismiss and motion for summary judgment should be granted.[1]

---

[1] The Court has reviewed the Report's recommendations regarding the parties' requests for judicial notice and evidentiary objections. The Court agrees with the recommendations and adopts the analysis.

### A. Defendants' Motion to Dismiss.

A motion to dismiss for failure to exhaust administrative remedies may be raised through an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Unlike Rule 12(b)(6) motions, a court deciding a motion to dismiss for failure to exhaust nonjudicial remedies may look beyond the pleadings and decide disputed issues of fact. Id. at 1119–1120 (citing Ritza v. Int'l Longshoreman's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)). The court may also take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, where a plaintiff is proceeding in propria persona in a civil rights case, the Court must construe the pleadings liberally and give the plaintiff the benefit of any doubts. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires prisoners confined to a correctional facility to exhaust available administrative remedies before filing litigation. Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006). In order to satisfy the exhaustion requirement, plaintiffs must comply with deadlines set by the administrative agency. Woodford v. Ngo, – U.S. –, 126 S. Ct. 2378, 2385–2386 (2006). Accordingly, section 1997e(a)'s exhaustion requirement is not satisfied if the administrative grievance was rejected as untimely. Id. at 2387.

Failure to exhaust administrative remedies is an affirmative defense that defendants bear the burden of proving. Wyatt, 315 F.3d at 1119. Once defendant's burden is satisfied, the burden shifts to plaintiff to present evidence that he exhausted administrative remedies. Ming Ching Jin v. Hense, 2005 WL 3080969, at *2 (E.D. Cal. Nov. 15, 2005).

The California Department of Corrections ("CDC") has a four-step grievance procedure for prisoners seeking review of an administrative decision or perceived mistreatment. Vaden, 449 F.3d at 1048–1049. The first step is informal, followed by three formal levels of review. Id. In order to comply with this administrative procedure, the inmate must file a grievance "within 15 working days of the event or decision being

appealed. . . ." Cal. Code Regs. Tit. 15, § 3084.6(c); <u>Brown v. Valoff</u>, 422 F.3d 926, 929–930 (9th Cir. 2005).

In support of their motion to dismiss, Defendants submitted prison records demonstrating that Plaintiff did not file a grievance (i.e., a form 602) complaining about inadequate access to the law library until January 5, 2004. (Bell Decl., Ex. B.) Because Plaintiff's grievance arose from the U.S. Supreme Court's denial of his request for an extension of time on April 1, 2002, Plaintiff's January 5, 2004 grievance was untimely.

In the declaration filed in support of his opposition and in the Objection, Plaintiff argues that in addition to the January 2004 grievance, he submitted form 602s on January 16, January 25, and April 8, 2002 and thus filed a timely grievance. (Plt.'s Mem. at 4:10–12, 6:5–7, Ex. 8; Obj. 3:20–5:5.) But in reviewing these forms, the Court agrees with the Report that there is no indication on the documents that they were ever submitted to prison officials. The forms do not have log-number stamps from the prison administration, nor has the area designated for a "staff response" been completed. (Plt.'s Mem., Ex. 8 at 2–4.) Notably, other form 602s submitted by Plaintiff contain identifying stamps or markings confirming that they were submitted to prison officials. (Plf.'f Mem., Ex. 13–22; Bell Decl., Ex. A–E.) Moreover, the forms also do not appear on the prison appeals tracking system printout, even though it is the prison's regular business practice to keep records of all filed appeals. (Bell Decl. ¶¶ 1–5, Ex. F.) This is significant because under Federal Rule of Evidence 803(7), the absence of any entry for the January and April 2002 grievances on the prison appeals tracking system printout is evidence that they were not submitted. In light of this evidence, the Court finds that Plaintiff's statements in his declaration – standing alone – are insufficient to satisfy his burden of establishing that he exhausted the administrative remedies. See <u>Lara v. Santa Clara County Jail</u>, 2006 WL 1141930, at *1 (N.D. Cal. Apr. 27, 2006) (dismissing for failure to exhaust administrative remedies where records showed no grievances were filed); <u>Mubarak v. Cal. Dep't of Corrs.</u>, 315 F.Supp.2d 1057, 1059 (S.D. Cal. 2004) (finding a failure to exhaust where Plaintiff did not submit evidence that his claim had been considered by the CDC at any

level of administrative review).

Moreover, even if the Court were to accept Plaintiff's statements and find that he filed a timely grievance at the informal level, Plaintiff appears to concede that he did not proceed to the second step in the grievance procedure. (Obj. at 3:20–4:11.) Because the CDC administrative procedures are not exhausted until an inmate has pursued a grievance through all levels of review (see Brown, 422 F.3d at 935; Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005)), Plaintiff failed to exhaust administrative remedies and his Complaint must be dismissed.

Finally, the Court agrees with the Report's recommendation that the dismissal should be with prejudice, and adopts the analysis.[2]

### B. Defendants' Summary-Judgment Motion.

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case.

Defendants move for summary judgment on four grounds: (1) Plaintiff has not suffered actual injury; (2) Defendants are immune from liability; (3) Defendants are entitled to qualified immunity; and (4) injunctive relief is not appropriate. The Report recommends granting summary judgment on all four grounds. The Court agrees.

#### 1. *Plaintiff cannot establish actual injury.*

In order to pursue a claim for denial of access to the courts, plaintiff must allege actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1992). An "inmate cannot establish relevant actual injury simply by establishing that his prison's law library... is subpar in some theoretical sense." Id. Rather, the inmate must "demonstrate that the alleged

---

[2] The Court also notes that the deadline for Plaintiff to file an administrative grievance expired more than 4 years ago. This includes the 15-day deadline for filing a formal level-2 grievance. Accordingly, a dismissal without prejudice would be futile.

shortcomings in the library. . . hindered his efforts to pursue a legal claim." Id. Additionally, the inmate must establish that his underlying claims – i.e., those that would have been presented in the writ of certiorari – were "nonfrivolous" or "arguable." Chirstopher v. Harbury, 536 U.S. 403, 415 (2002).

The Report found that Plaintiff could not establish actual injury because he provided no evidence that his underlying claims were nonfrivolous or arguable. Additionally, the Report noted that Plaintiff's challenge to his murder conviction was rejected by the state courts, and federal habeas relief was denied by the district court and Ninth Circuit, thus suggesting that Plaintiff's claims are frivolous or not arguable. In his Objection, however, Plaintiff submits a substantial number of exhibits that Plaintiff contends raise a triable issue of fact on this issue. The Court has considered Plaintiff's evidence. Although the Court believes that the exhibits are insufficient to create an issue of fact, the Court need not reach this issue because Plaintiff cannot establish actual injury for another reason.

Assuming for the sake of argument that Plaintiff has raised a triable issue of fact regarding whether his underlying claims were nonfrivolous or arguable, Plaintiff's contention that the limited library time prevented him from preparing the writ of certiorari is contradicted by his own statements and the undisputed evidence. In his January 23, 2002 declaration filed with the U.S. Supreme Court in support of his motion for an extension of time, Plaintiff stated that on November 21, 2001, he was "taken back to court. . . in Orange County, to hear motion for disqualification of Judge for cause. . . ." (Janoe Decl. in Support of Obj., Ex. 3.) Plaintiff further stated that he was returned "to Calipatria State Prison on January 15, 2002" and that "all of [Plaintiff's] legal paperwork is still in Chino State Prison", which Plaintiff was trying to obtain. (Id.) Plaintiff, therefore, admits that his request for a *48-day* extension was "due to the fact [Plaintiff] was out to court, [and] without access to his legal paperwork this whole time." (Id.) Notably absent from Plaintiff's declaration and motion is any indication that he could not complete the writ of certiorari because of inadequate library access.

In addition to his statements, Plaintiff's contention is also inconsistent with the undisputed facts. Specifically, Plaintiff requested a 48-day extension on January 23, 2002. This suggests that even if Plaintiff was given more than 2-hours per week in the law library – after his return to the prison – he could not have finished the writ, particularly given that he did not have the documents *he* asserts were necessary to prepare the writ. Additionally, while Plaintiff complains about the limited access to the law library, the prison attendance records show that before his writ of certiorari was due, Plaintiff requested library access for January 29 and 31, but then failed to attend. (Raske Decl. at ¶3, Ex. A, B.) In short, the undisputed facts and Plaintiff's statements establish that his inability to file the writ of certiorari was not caused by his limited access to the law library.

Finally, Plaintiff objects to the Report's finding that Plaintiff made no attempt to obtain an extension from the U.S. Supreme Court before the filing deadline. The records establish that Plaintiff did file a request for extension of time. However, it is undisputed that his request was denied because he failed to attach a copy of the Ninth Circuit's order denying his rehearing. (Plt.'s Mem., Ex. 10.) Because Plaintiff's request was denied based on his failure to attach the order, and not because he was given limited access to the library, the Court agrees with the Report's conclusion that Plaintiff cannot establish that the prison library policy prevented him from obtaining an extension, thereby denying him access to the courts. (Report, 26:24–28, citing Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).)

### 2. *Defendants are immune from Plaintiff's damage claims.*

Plaintiff does not object to the Report's recommendation regarding Defendants' contention that they are immune from Plaintiff's damage claims. Additionally, having read and considered the papers submitted, the Court concludes the Report presents a well-reasoned analysis of the absolute immunity issue, and thus incorporates by reference the Reports analysis.

//
//

### 3. Defendants are entitled to qualified immunity.

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A constitutional right is "clearly established" if it is sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

The initial inquiry in evaluating qualified immunity is whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736. If so, the next step in the inquiry is to determine whether the right allegedly violated is "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001). In the context of a summary-judgment motion based on qualified immunity, the court decides the purely legal issue of whether Plaintiff's facts support a claim for violation of clearly established law. Lytle v. Wondrash, 182 F.3d 1083, 1086 (9th Cir. 1989).

With respect to defendant Silvia Garcia, Plaintiff's Objection repeats the argument made in the opposition to the summary-judgment motion. Specifically, Plaintiff challenges Garcia's policy of authorizing inmates with court deadlines within thirty days to receive a minimum of four hours per week in the library. (Obj. at 10:11--15.) Plaintiff contends that, in essence, established law requires inmates with court deadlines within one year to receive a minimum of four hours per week. (Id.)

But although prisoners have a constitutional right of access to the courts, "prisoners have no inherent or independent right of access to a law library or legal assistant." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing Lewis, 518 U.S. at 349–351). Nor does Supreme Court law dictate a minimum number of hours for satisfying the right to access law libraries. Vandelft, 31 F.3d at 796; Walker v. Mintzes, 771 F.2d 920, 931 (6th

Cir.1985). Accordingly, the Court concludes that Plaintiff has failed to establish that defendant Garcia violated established law.

As for defendant Ryan, Plaintiff's Objection does not address the Report's recommendation that Ryan is entitled to qualified immunity. Additionally, as the Report states, Ryan's alleged conduct occurred in 2004, well after Plaintiff suffered his alleged injury. Accordingly, summary judgment is also appropriate for defendant Ryan.

### 4. *Injunctive relief is not appropriate in this case.*

Plaintiff requests that the Court issue an injunction requiring: (1) prison law libraries to be open five days per week for each facility yard; (2) allowing inmates access to the library five days per week, for two hours each day; and (3) permitting inmates to use typewriters in the law library.

In order to obtain injunctive relief, a plaintiff must establish four elements: (1) a strong likelihood of success on the merits; (2) irreparable injury to the plaintiff; (3) balance of hardships in plaintiff's favor; and (4) advancement of the public interest. Mayweathers v. Newland, 258 F.3d 930, 938 (9th Cir. 2001). Another test used evaluates whether "serious questions are raised and the balance of hardships tips sharply in favor of the moving party." Stuhlbarg Intern. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 840 (9th Cir. 2001).

Plaintiff objects to the Report's finding that he has failed to establish an actual injury. Additionally, Plaintiff argues that if the injunction is not issued, he will suffer an imminent injury of being prevented from adequately researching the issues in the writ of certiorari that he apparently plans on submitting to the U.S. Supreme Court. (Obj. at 11:19–24.)

For the reasons discussed in section III.B.1 above, as well as those discussed in the Report, the Court finds that Plaintiff has failed to establish actual injury related to the alleged insufficient access to the library. On this ground alone, summary judgment is appropriate as to Plaintiff's request for an injunction.

And with respect to Plaintiff's alleged imminent injury, it is undisputed that the U.S.

- 10 -

04cv1421W

Supreme Court denied Plaintiff's request for an extension of time to file the writ of certiorari. Accordingly, even if the injunction were issued, Plaintiff could not file a writ of certiorari related to his murder conviction. Plaintiff has, therefore, failed to establish imminent injury.

### IV. CONCLUSION AND ORDER

In light of the foregoing, the Court overrules Plaintiff's objections and **ADOPTS** the reasoning and findings contained in the Report. For the reasons stated in the Report, which are incorporated herein by reference, the Court **GRANTS** Defendants' motion to dismiss and summary-judgment motion. The Clerk of Court shall close the district court case file.

**IT IS SO ORDERED.**

**DATE: March 28, 2007**

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES

HONORABLE RUBEN B. BROOKS, UNITED STATES MAGISTRATE JUDGE